Case Number: PC-2018-6154
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2018 12:19 PM
Envelope: 1686246
Reviewer: Alexa G.

Case 1:18-cv-00637-WES-LDA   Document 1-1   Filed 11/21/18   Page 1 of 14 PageID #: 4

STATE OF RHODE ISLAND　　　　　　　　　SUPERIOR COURT
PROVIDENCE COUNTY, S.C

WILLIAM JONES,
　　　　Plaintiff

v.　　　　　　　　　　　　　　　　　　　　C.A. No.

WURTH BAER SUPPLY COMPANY
　　　　Defendant

## COMPLAINT

### INTRODUCTORY STATEMENT

This action is commenced by WILLIAM JONES (hereinafter also referred to as "Plaintiff" or "JONES") against WURTH BAER SUPPLY COMPANY (hereinafter also referred to as "Defendants" or "Employer" or "Company"), in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices based Plaintiff's disability/perceived disability and related retaliation in violation of, *inter alia*, The Rhode Island Civil Rights Act, The Rhode Island Fair Employment Practices Act and pursuant to the Court's pendent jurisdiction, the federal Americans with Disabilities Act and other state and federal laws.

### JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to R.I.G.L. 8-2-13 and 8-2-14. All conditions precedent to establishing this Court's jurisdiction over this action have occurred or have been complied with.

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of the court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

Case Number: PC-2018-6154
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2018 12:19 PM
Envelope: 1686246
Reviewer: Alexa G.

Case 1:18-cv-00637-WES-LDA   Document 1-1   Filed 11/21/18   Page 2 of 14 PageID #: 5

2

3. Venue is proper in the district pursuant to <u>inter alia</u>, R.I.G.L. 9-4-4 because:

a. The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in the judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business in the city of Rumford, Rhode Island.

4. Plaintiff timely filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR").

5. The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of the action in state court, in each of its counts, including requesting Right To Sue Authorization, if necessary, from the pertinent administrative agency(ies). (Attachment A)

## THE PARTIES

6. The Plaintiff, William Jones, an individual, is a resident of Seekonk, MA.

7. On information and belief, Defendant Wurth Baer Supply Company is a foreign corporation, maintained to operate a principal place of business located at 70 Pawtucket Ave, Rumford, RI 02916 and which Plaintiff was employed.

8. At all times material to the allegations of this Complaint, the Defendant has continuously, and does now, employ at least 50 or more employees in the State of Rhode Island.

9. At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of the Americans with Disabilities Act, Sec.

Case Number: PC-2018-6154
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2018 12:19 PM
Envelope: 1686246
Reviewer: Alexa G.

Case 1:18-cv-00637-WES-LDA   Document 1-1   Filed 11/21/18   Page 3 of 14 PageID #: 6

3

101(5) of the ADA, 42 U.S.C. Sec. 12111(5), and Sec. 107(a) of the ADA, 42 U.S.C. Sec. 12117(a) which incorporates by reference Sections 701(g) and (h) of Title VII; and those terms are applicable to pertinent provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Sec. 2000e et seq.

10. At all times material to the allegations of this Complaint, the Defendant was and is an "Employer" or otherwise a covered entity within the meaning of the ADA, as defined in Sec. 101(2) of the ADA, 42 U.S.C. Sec 1211(2); and as applicable in pertinent provisions of Title VII, and also under the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990) and R.I.G.L. § 28-5-1- et seq. (The Rhode Island Fair Employment Practices Act).

**FACTS**

11. Plaintiff's DOB is X/X/1963.

12. Plaintiff was 54 years of age at the time of the incidents cited in this Complaint.

13. Plaintiff worked for the company for approximately 2 years in the position of Branch Manager.

14. Plaintiff was terminated on or about September 12, 2017, for what the company alleged were performance based reasons.

15. Despite Plaintiff's best efforts to obtain some documentary support for the company's position that he had performance issues, he was provided no such support.

16. In mid-March 2017, Plaintiff was compelled to take a medical leave of absence pursuant to the FMLA relative to stress, anxiety, and related medical issues form which he suffers. These medical conditions affect one or more of Plaintiff's major life

Case Number: PC-2018-6156
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2018 12:19 PM
Envelope: 1686246
Reviewer: Alexa G.

Case 1:18-cv-00637-WES-LDA   Document 1-1   Filed 11/21/18   Page 4 of 14 PageID #: 7

4

activities including but not limited to his ability to sleep, concentrate and perform the daily regular activities of everyday living.

17.  At all times, he was able to perform the essential functions of his job, with or without reasonable accommodation.

18.  Plaintiff returned to work on June 1, 2017, within the allotted leave time and provided all medical documentation in support of his time requested.

19.  When Plaintiff returned to work, he suffered extreme reprisal and retaliation by the employer. The Plaintiff was also compelled to go on Jury Duty, an obligation that was out of his control and suffered reprisal after fulfilling this duty.

20.  The Company treated the Plaintiff in a disparate manner in comparison to non-disabled workers after his return from leave and have mischaracterized his performance and the work environment in an effort to support its pretextual reason for his termination. For example, Plaintiff was given two baseless warnings at the exact time on one day in an effort by the company to justify its progressive discipline policy.

21.  When the Plaintiff was out of leave pursuant to the FMLA, the "perception" at the company was that the Plaintiff quit his position. When the Plaintiff addressed this issue with management, he was told that the company was "all about perception" and that if people thought that was what happened that it did. He was also told that his reputation was based on perception not actual events.

22.  The Plaintiff was removed from his office and excluded from inventory discussions. All warnings were given after his return from FMLA leave, whereas prior to any leave the Plaintiff was stated as meeting or exceeding expectations in all performance categories.

Case Number: PC-2018-6154
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2018 12:19 PM
Envelope: 1686246
Reviewer: Alexa G.

Case 1:18-cv-00637-WES-LDA   Document 1-1   Filed 11/21/18   Page 5 of 14 PageID #: 8

5

23. To Plaintiff's knowledge and belief, no other managers under his management's supervision had been discharged, other than Plaintiff. However, Branch 40/11 had a combined total of 100 errors between January 2017-June 2017. Branch had 12 and the Plaintiff's had 14.

24. The Plaintiff was subject to discriminatory conditions and disparate treatment in the workplace which were motivated by the Employer's animus towards him based on disability/perception of disability; age and because he availed himself of his medical leave rights which the Employer provided to him pursuant to the FMLA/RIFMLA.

## COUNT I
## RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
## R.I.G.L.§28-5-1 et seq.
## DISCIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## RETALIATION
## TERMINATION

25. Paragraphs 1-24 above are herein incorporated by reference in their entirety.

26. The Defendants' discriminatory conduct, policies, and practices were undertaken with a deliberate and callous disregard for Plaintiff's rights, and are violative of the provisions of the RIFEPA, by:

   a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability/perceived disability and age;

   b. depriving Plaintiff of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

Case Number: PC-2018-6154
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2018 12:19 PM
Envelope: 1686246
Reviewer: Alexa G.

Case 1:18-cv-00637-WES-LDA   Document 1-1   Filed 11/21/18   Page 6 of 14 PageID #: 9

6

    c. treating Plaintiff in a hostile, demeaning, and otherwise unlawful manner based on his report of potentially unlawful conduct based on disability/perceived disability and age; and

    d. Causing Plaintiff lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his personal and professional reputations.

27. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning protected characteristics including disability/perceived disability and/or age. Such practices include, but are not limited to, Defendant:

    a. Retaliating against Plaintiff;

    b. Terminating the Plaintiff.

28. But for the Defendant's intent to discriminate and retaliate against Plaintiff because of protected characteristics, Defendant would not have retaliated against Plaintiff or subjected him to discriminatory terms and conditions of employment including termination.

29. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has caused him extreme humiliation, as well as physical and emotional injuries.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

Case Number: PC-2018-6154
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2018 12:19 PM
Envelope: 1686246
Reviewer: Alexa G.

7

## COUNT II
### THE RHODE ISLAND CIVIL RIGHTS ACT OF 1990
### R.I.G.L. 42-112-1 ET SEQ.
### CIVIL RIGHTS OF PEOPLE WITH DISABILTIES ACT
### R.I.G.L 42-87-1
### DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
### RETALIATION
### TERMINATION

30. Paragraphs 1-24 above are incorporated herein by reference in their entirety.

31. Despite Plaintiff's ability to perform the duties of her position in a satisfactory manner, the Defendant unlawfully subjected Plaintiff to discriminatory terms and conditions of employment, and retaliated against Plaintiff, based on disability/perceived disability and age.

32. But for the Defendant's intent to discriminate against Plaintiff because disability/perceived disability and age, Defendant would not have engaged in the unlawful conduct described in the preceding paragraphs.

33. By its conduct described in the preceding paragraphs, Defendant has engaged in unlawful conduct in violation of R.I.G.L. 42-112-1 et seq.

34. The Defendant's conduct was undertaken with a reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, and has unlawfully deprived the Plaintiff of his employment, income, benefits, privileges, promotions, and other benefits accruing to the employment relationship, as well as caused harm to her personal and professional reputations, humiliation, and physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

Case Number: PC-2018-6154
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2018 12:19 PM
Envelope: 1686246
Reviewer: Alexa G.

Case 1:18-cv-00637-WES-LDA Document 1-1 Filed 11/21/18 Page 8 of 14 PageID #: 11

8

## COUNT III
## AMERICANS WITH DISABILITIES ACT
## ADA-42 U.S.C. SEC. 12117
Discriminatory Terms and Conditions of Employment
Retaliation
Termination

35. The allegations contained in Paragraphs 1-24 above are incorporated herein by reference in their entirety.

36. Plaintiff is a qualified individual with a disability and/or was perceived as disabled by Defendant.

37. Plaintiff could perform all essential functions of his position with or without reasonable accommodation.

38. The Defendant has engaged in unlawful employment practices in violation of the ADA, sec. 102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. sec.12112(a), 12112(b)(1) and 12112(b)(5(B), in addition to other sections.

39. But for the Defendant's intent to discriminate against the Plaintiff because he holds the status as a qualified person with a disability, Defendant would not have engaged in the conduct alleged in this Complaint; would not have applied discriminatory terms and conditions of employment to the Plaintiff; retaliated against the Plaintiff or terminated Plaintiff.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

Case Number: PC-2018-6154
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2018 12:19 PM
Envelope: 1686246
Reviewer: Alexa G.

Case 1:18-cv-00637-WES-LDA   Document 1-1   Filed 11/21/18   Page 9 of 14 PageID #: 12

9

## COUNT IV
### RHODE ISLAND PARENTAL AND FAMILY MEDICAL LEAVE ACT
### R.I.G.L. CH. 28-48-1 ET SEQ.

40. The allegations contained in Paragraphs 1-24 above are incorporated herein by reference in their entirety.

41. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Parental and Family Medical Leave Act, R.I.G.L. 28-48-1 et seq.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT V
### FEDERAL FAMILY AND MEDICAL LEAVE ACT of 1993
### 29 U.S.C. 2601 *et seq.*

42. The allegations in Paragraphs 1-24 are incorporated herein, by reference, in their entirety.

43. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the Federal Family and Medical Leave Act, 29 U.S.C. 2601 *et seq.*

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

Case Number: PC-2018-6154
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2018 12:19 PM
Envelope: 1686246
Reviewer: Alexa G.

Case 1:18-cv-00637-WES-LDA   Document 1-1   Filed 11/21/18   Page 10 of 14 PageID #: 13

10

## COUNT VI
### DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
### HOSTILE ENVIRONMENT
### UNLAWFUL TERMINATION
### AGE DISCRIMINATION IN EMPLOYMENT ACT
### 29 U.S.C. § 621 ET SEQ.

44. Paragraphs 1-24 above are incorporated herein by reference in their entirety.

45. The Defendant's conduct in terminating the Plaintiff, and as otherwise referenced in paragraphs 1-24, above, was motivated solely by an intent to discriminate against Plaintiff on the basis of his age, in violation of the ADEA, 29 U.S.C. § 621 et seq.

46. The Defendant's conduct in terminating the Plaintiff, and as otherwise referenced in paragraphs 1-24, above, was motivated in part by an intent to discriminate against Plaintiff on the basis of his age, in violation of the ADEA, 29 U.S.C. § 621 et seq.

47. The conduct by Defendant referenced in paragraphs 1-24, above, represents a willful violation of § 4(a)(1) and (2) of the ADEA, 29 U.S.C. § 623 (a)(1) and (2), and other sections, by continuously maintaining age-based employment policies which have the intended objective of removing qualified employees, including Plaintiff, from employment solely on the basis of age, and denying them benefits to which they are entitled.

48. Defendants willfully engaged in a policy or practice of denying Plaintiff employment/severance benefit opportunities, in violation of the ADEA, 29 U.S.C. § 621 et seq.

Case Number: PC-2018-6154
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2018 12:19 PM
Envelope: 1686246
Reviewer: Alexa G.

Case 1:18-cv-00637-WES-LDA   Document 1-1   Filed 11/21/18   Page 11 of 14 PageID #: 14

11

49. The Defendant's discriminatory conduct, policies, and practices regarding retention, and job opportunities, and severance are violative of the provisions of the ADEA, 29 U.S.C. § 621 et seq., by:

 a.) interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age;

 b.) depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

 c.) treating him in a hostile, demeaning, and otherwise unlawful manner based on his age;

 d.) causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his personal and professional reputation.

50. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's age. Such practices including, but are not limited to, Defendant:

 a.) Terminating Plaintiff because of his age;

 b.) Subjecting the Plaintiff to discriminatory terms and conditions of employment.

51. But for the Defendant's intent to discriminate against Plaintiff because of his age, Defendant would not have terminated Plaintiff, or subjected him to discriminatory terms and conditions of employment.

Case Number: PC-2018-6154
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2018 12:19 PM
Envelope: 1686246
Reviewer: Alexa G.

Case 1:18-cv-00637-WES-LDA   Document 1-1   Filed 11/21/18   Page 12 of 14 PageID #: 15

12

52. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has caused him extreme humiliation, as well as physical and emotional injury.

53. By its conduct, the Employer has failed in its affirmative duty under the ADEA, by its failure to exercise reasonable care and diligence, to maintain a work environment free of discriminatory abuse directed at older workers.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a. an order that the Defendant institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals regardless of disability/perceived disability and age;

b. an order that the Defendant make whole the Plaintiff with appropriate lost earnings, benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but

Case Number: PC-2018-6154
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2018 12:19 PM
Envelope: 1686246
Reviewer: Alexa G.

Case 1:18-cv-00637-WES-LDA   Document 1-1   Filed 11/21/18   Page 13 of 14 PageID #: 16

13

not limited to the granting to Plaintiff appropriate increases, benefits, status, and promotional opportunities of the workplace;

c.  an order that the Defendant make whole the Plaintiff by providing compensation for any pecuniary losses, including, but not limited to, any costs incurred for health and life insurance premiums, medical treatment, losses in pension entitlement, vacation pay and other benefits, in amounts to be determined at trial;

d.  an order that the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including, but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-24;

e.  grant attorney's fees and the costs of this action;

f.  grant punitive damages, as appropriate, to punish the Defendant for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-1;

g.  grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L. §9-21-10; and

h.  grant such further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Case Number: PC-2018-6154
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2018 12:19 PM
Envelope: 1686246
Reviewer: Alexa G.

Case 1:18-cv-00637-WES-LDA   Document 1-1   Filed 11/21/18   Page 14 of 14 PageID #: 17

14

Respectfully Submitted,
Plaintiff, William Jones
By His Attorney,
*/s/ Stephen T. Fanning*

_____
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250/ 401-272-4520 (FAX)